IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOSE CEDILLO, #02240725,<br>    Petitioner,<br>vs.<br><br>Director, Texas Department of Criminal Justice, Correctional Institutions Division,<br>    Respondent. | No. 3:21-CV-0191-S (BH)<br><br><br>Referred to U.S. Magistrate Judge[1] |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, the *Application to Proceed Without Prepayment of Fees and Affidavit,* received on January 27, 2021 (doc. 2), should be denied, and the case should be dismissed without prejudice for failure to prosecute or follow orders of the court.

## I. BACKGROUND

Jose Cedillo (Petitioner), an inmate in the Texas Department of Criminal Justice, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 and an *Application to Proceed Without Prepayment of Fees and Affidavit* that were received in the Southern District of Texas on January 27, 2021. (*See* docs. 1, 2.) The case was transferred to this district on January 28, 2021. (*See* doc. 4.) By *Notice of Deficiency and Order* dated January 29, 2021, Petitioner was advised that his application to proceed *in forma pauperis* (IFP) did not provide enough information to decide if IFP status was appropriate because it did not contain a properly signed certificate of inmate trust account (*See* doc. 6.) It advised him that he must either pay the $5.00 filing fee or submit the required certificate of inmate trust account within thirty days, and that a failure to do could result in the dismissal of the case. (*Id.*) After he failed to respond, on March 22, 2021, a *Second Notice of*

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings and recommendation.

*Deficiency and Order* issued that again advised him that he must either pay the $5.00 filing fee or submit the required certificate of inmate trust account within thirty days, and that a failure to do could result in the dismissal of the case. (*Id.*)

More than thirty days from the date of the *Second Notice of Deficiency and Order* have passed, but Petitioner has not filed a certificate of inmate trust account or paid the filing fee. He has not filed anything else in the case.

## II.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Petitioner failed to comply with two separate *Notice[s] of Deficiency and Order* that he either pay the filing fee or submit the rquired certificate of inmate trust account despite a warning that failure to do so could result in dismissal of the case. Nor has he filed anything else. Because Petitioner failed to follow a court order or otherwise show that he intends to proceed with this case despite notice of the consequences of any failure to comply, it should be dismissed under Rule 41(b) for failure to prosecute or follow orders.

## III.  RECOMMENDATION

Petitioner's application to proceed *in forma pauperis* should be denied, and this case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court, unless Petitioner either pays the filing fee or submits a certificate of inmate trust

account within the time for objecting to this recommendation, or by some other deadline set by the court.

**SO RECOMMENDED on this 21st day of May, 2021.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE